*202
 
 Overton, J.
 

 delivered the following opinion of the court.
 
 *
 

 The bill is exhibited by Benjamin Hambree, who states that Zachariah Hembree settled himself on the land in contest, supposing it to be vacant, and made an improvement, with a view of procuring a preemption under the authority of the acts made for the benefit of occupants, and thereupon made a survey on which he ought to obtain a grant ; that the defendant claiming title to this land, commenced an ejectment, and recovered judgment.
 

 The claim of the defendant is in consequence of a grant from Carolina, for 400 acres, No. 303, describing its boundaries, which will not include a single acre of the plaintiff’s survey. In relation to the boundaries of this 400 acre tract, it is asserted, no corner or marked line, can be shown ; and on the trial, no evidence was offered, to show,
 
 *203
 
 that there were any marked trees for either corner or line ; nor any evidence of
 
 Reed's
 
 tract, which it calls to adjoin except parol proof; no grant or copy of a grant of
 
 Reed's
 
 was produced.
 

 Previously to the commencement of the ejectment it is stated, that the defendant procured a surveyor to run out the 400 acre tract, at two different times, and that neither of those runnings includes the plaintiff's survey. But on the trial, the defendant set up a claim for land, different from either of those surveys, and which included the plaintiff’s tract; wherein it is alledged, the plaintiff was deceived and imposed on. Since the trial, the bill asserts, that the plaintiff has discovered that he can prove by the man who surveyed the 400 acre tract, that he never marked any corner or line at the place claimed by the defendant.
 

 To this bill there is a demurrer, disclosing two grounds ; 1st. that the plaintiff’s remedy was at law, and he has not shewn any sufficient reason, why he did not obtain relief there, if he was entitled to any. 2nd. that the plaintiff was no party to the suit at law, and, therefore, was not competent to call in question the verdict and judgment.
 

 The court is of opinion, the demurrer must he sustained.
 

 The principle ground of complaint, is a mere question of locality, properly and purely of a legal nature. If any part of the evidence was improperly admitted or rejected on the trial at law, the plaintiff should have excepted, and brought the case here by writ of error. So, if all the evidence taken together on the part of the plaintiff at law, were not sufficient to maintain the action, the plaintiff in this court should have required the opinion of the Judge in the court of law, either in his charge to the jury, or on a motion for a new trial. When he did not do this, the law presumed his acquiescence in the manner in which the trial was conducted. Ascertainment of boundary, is purely legal in its nature, and the plaintiff will not be permitted to come into this court, as a matter of course, after his acquiescence.
 

 On this ground, in part, it is, that the plaintiff cannot sustain his case on that part of his bill, which relates to the two experimental surveys, previous to the commencement of the ejectment. Simply making these experiments on runnings, could not alter or change the boundaries as they were originally made or stood, in legal intendment. It is not asserted that the defendant practised any fraud, or mis
 
 *204
 
 representation, with the plaintiff. It is only stated, that he was imposed on, or deceived. If he were deceived by these experiments, it was his own fault; but the bill shows clearly, that whatever deception there was, did not operate to the injury of the plaintiff, because his improvement and occupant right, such as it was, was then in existence, and could be made neither better nor worse.
 

 Whether the plaintiff was in a situation, personally, to maintain the complaint, supposing it tenable, is not material, as the bill must be dismissed, with costs upon other grounds.
 

 See the cases of Frier vs. Jackson, 8 Johns. 495, 2 Bay 539, Middleton vs. Perry.
 

 *
 

 This cause was decided by Overton, J. and Robert H. Adams, Esq, Attorney at Law, who sat by special commission,
 
 vice
 
 H. L. White, related to one of the parties.