### ·IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

### JACKSON, APRIL TERM, 1908.

B. E. DODD & SON *v.* NASHVILLE, CHATTANOOGA & ST.
LOUIS RAILWAY COMPANY.

### (*Jackson.* April Term, 1908.)

1. **BILL OF EXCEPTIONS.** Presumption in favor of verdict or
finding of trial judge in the absence thereof or statement
therein that it contains all the evidence.

In the absence of a bill of exceptions, or one stating that it
contains all the evidence heard upon the trial, the supreme
court will presume that the verdict or finding of the trial
judge was supported by the evidence introduced. This rule
has been uniformly recognized and enforced. (*Post, p.* 445.)

Cases cited and approved: Cassel v. Franklin, 2 Tenn., 202;
Davis v. Jones, 3 Head, 603; Sweat v. Rogers, 6 Heisk., 117;
Insurance Co. v. Crocket, 7 Lea, 725; Kennedy v. Kennedy, 16
Lea, 736; Ransom v. State, 116 Tenn., 366; Lowry v. Railroad,
117 Tenn., 522.

Dodd v. Railroad.

2. **SAME. Same. Judgment of court of civil appeals upon the merits where bill of exceptions does not purport to contain all the evidence is a nullity.**

Upon an appeal in the nature of a writ of error from the circuit court to the court of civil appeals, with a bill of exceptions not purporting to contain all the evidence, the opinion and decision of the court of civil appeals adjudging upon the merits of the case has no judicial force, is a nullity and a mere abstraction. (*Post, pp.* 445, 446.)

3. **APPEALS. May be dismissed in appellate court, but not the suit without prejudice.**

Upon an appeal in the nature of a writ of error from the circuit court to the court of civil appeals, that court has no jurisdiction to dismiss plaintiff's suit without prejudice. The appeal may be dismissed by such court or by the appellant, but not the suit, nor can the suit be dismissed by the plaintiff who appealed. (*Post, p.* 447.)

Cases cited and approved: Thomasson v. Kercheval, 10 Humph., 324; Furber v. Carter, 2 Sneed, 1; Dossett v. Miller, 3 Sneed, 74; Fry v. Taylor, 1 Head, 600.

4. **PRACTICE. Dismissal in chancery without prejudice: non-suit of action at law in the trial court, when.**

Only courts of equity have jurisdiction to dismiss cases without prejudice to the right of the complainant to bring another suit upon the same cause of action. The only way in which an action at law can be dismissed so as not to preclude the plaintiff from bringing a new suit upon the same ground of action is by voluntary nonsuit, which can only be taken in the trial court before the case has been submitted upon the facts to the court or jury trying the case. (*Post, p.* 446.)

Code cited and construed: Sec. 4691 (S.); sec. 3680 (M. & V.); sec. 2966 (T. & S. and 1858).

Case cited and approved: Railroad v. Sansom, 113 Tenn., 684.

5. **APPEALS.** Appeal in error at law only suspends, and does not vacate, judgment of lower court.

The appeal in the nature of a writ of error in an action at law does not vacate the judgment of the trial court, but merely suspends it during the pendency of the proceeding in the higher court. (*Post, pp.* 446, 447.)

Cases cited and approved: Smith v. Holmes, 12 Heisk., 468; Spalding v. Kincaid, 1 Tenn. Cas., 31; Akers v. Akers, 16 Lea, 11, 12.

### FROM WEAKLEY.

Appeal in the nature of a writ of error from the Circuit Court of Weakley County to the Court of Civil Appeals, and by writ of certiorari from the Court of Civil Appeals.—JOSEPH E. JONES, Judge.

J. W. RANKINS, for plaintiffs.

H. H. BAR, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This action was begun before a justice of the peace of Weakley county by B. E. Dodd & Son to recover from the Nashville, Chattanooga & St. Louis Railway Company $23 on account of alleged over charges upon shipments of freight made by the plaintiffs over the road of the defendant. There was trial before the justice of the

peace, and judgment in favor of the plaintiffs, from which defendant appealed to the circuit court of the county. The case was there tried by Hon. Joseph E. Jones, without the intervention of a jury, who, no special finding being demanded, found the matters in controversy generally for the defendant, and dismissed the suit of the plaintiffs. From this judgment the plaintiffs prosecuted an appeal in the nature of a writ of error to the court of civil appeals, where the case was heard and the judgment of the trial court affirmed, in terms as follows:

"It is therefore considered by the court that the said judgment of the court below be affirmed, and plaintiffs' case dismissed without prejudice to prosecute another suit for the same cause, and the judgment will so provide."

The case is now before us upon a petition for *certiorari,* filed by the defendant to review and reverse the action of the court of civil appeals in dismissing plaintiffs' suit without prejudice, and for failure to affirm the judgment of the trial court, finally adjudging that the plaintiffs were not entitled to any recovery against the defendant.

It appears that the court of civil appeals considered the case upon the merits, and was of the opinion that the plaintiffs were entitled to recover of the defendant, but, because the bill of exceptions contained no statement to the effect that it embraced all the evidence submitted to the trial judge, the judgment of the circuit

court should be affirmed, but without prejudice to the right of the plaintiffs to bring another action, and so adjudged.

We find this in the opinion of that court in the case:

"A question is made in the case in regard to the bill of exceptions, which we will hereafter treat of; but, assuming that all the evidence that was heard in the case is now properly before us, as set out in the transcript, we will now state the case as we find it."

The court then proceeds in an elaborate opinion to discuss the facts which it finds in the imperfect record and the law it considers applicable thereto, and expresses the opinion that the trial judge was in error, and that he should have given a judgment in favor of the plaintiffs. Afterwards the fact that the bill of exceptions does not contain a statement that it embraces all the evidence as stated, and the court concludes that it must, under the well-settled practice in this State, presume that there was evidence submitted in the trial court which supported the finding of the trial judge, and that therefore the judgment must be affirmed. It is then said:

"We therefore feel bound to affirm the decision of the circuit judge, and dismiss the plaintiffs' case; but, believing they have a just cause of action, we think we are justified in directing its dismissal without prejudice to prosecute another suit for the same cause, and the judgment will accordingly so provide."

The petitioner assigns error upon the action of the

Dodd v. Railroad.

court of civil appeals in holding that the plaintiffs were entitled to recover upon the claim sued upon, and upon its judgment dismissing the plaintiffs' suit without prejudice to again sue upon the same cause of action.

We are of opinion that both assignments of error are well taken, and they are sustained.

The rule that this court, in the absence of a bill of exceptions, or one stating that it contains all the evidence heard upon the trial, will presume that the verdict or finding of the trial judge was supported by the evidence introduced, has, from the earliest days of our jurisprudence, been recognized and uniformly enforced. Indeed, no rule of practice is better known to the courts and the bar of the State, or of more constant application than this one. The cases in which it has been recognized are almost innumerable. Among them are *Cassel* v. *Franklin,* 2 Tenn., 202; *Davis* v. *Jones,* 3 Head, 603; *Sweat* v. *Rogers,* 6 Heisk., 117; *Kennedy* v. *Kennedy,* 16 Lea, 736; *Insurance Co.* v. *Crocket,* 7 Lea, 725; *Ransom* v. *State,* 116 Tenn., 366, 96 S. W., 953; *Lowry* v. *Railroad,* 117 Tenn., 522, 101 S. W., 1157.

Therefore the court of civil appeals could not consider and form an opinion or adjudge anything upon the merits of the case from the facts appearing in the bill of exceptions; it not appearing that it contained all the evidence. The presumption that there was other evidence which supported the finding of the court is conclusive and controlling. The opinion of the court upon the imperfect bill of exceptions has no judicial force,

is a nullity, a mere abstraction, and must be considered as if made upon matters entirely without the record. For this reason the assignment of error upon the holding of the court that the plaintiffs had made out a right of recovery against the defendant is sustained, and for no other cause, since the finding of that court and its application of the law are to no extent considered by this court.

The court of civil appeals was without jursidiction to dismiss plaintiffs' suit without prejudice. There is no such practice known to the courts of common-law jurisdiction of this State. Only courts of equity have jurisdiction to dismiss cases without prejudice to the right of the complainant to bring another suit upon the same cause of action. The only way in which an action at law can be dismissed so as not to preclude the plaintiff from bringing a new suit upon the same ground of action is by voluntary nonsuit, and this can only be taken in the trial court, and there not after the case has been submitted upon the facts to the court or the jury trying the same. If the nonsuit be not taken before this time, the case must proceed to judgment upon the merits. Code, section 2966 (Shannon's Code, section 4691); *Railroad* v. *Sansom*, 113 Tenn., 684, 84 S. W., 615.

Again, the case was not in the court of civil appeals, so that it could be dismissed. In actions at law, the appeal is in the nature of a writ of error, and this proceeding does not vacate the judgment of the trial court, but merely suspends it during the pendency of the pro-

Dodd v. Railroad.

ceeding in the higher court. *Spalding* v. *Kincaid,* 1 Shan. (Tenn. Cas.), 31; *Akers* v. *Akers,* 16 Lea, 11, 12, 57 Am. Rep., 207; *Smith* v. *Holmes,* 12 Heisk., 468; 1 Meigs' Dig., p. 342.

Neither the plaintiff nor the appellate court can dismiss the suit. The only control that either has of it is to dismiss the proceeding in error, and when this is done the proper judgment, and the only one that can be entered, is an affirmance of the judgment of the trial court. *Thomasson* v. *Kercheval,* 10 Humph., 324; *Furber* v. *Carter,* 2 Sneed, 1; *Fry* v. *Taylor,* 1 Head, 600; *Dossett* v. *Miller,* 3 Sneed, 74.

The *certiorari* is therefore granted, and the case brought into this court for review.

And the court, being of the opinion that there is plain error in the judgment of the court of civil appeals in dismissing the suit of the plaintiff without prejudice and in failing to enter a final judgment upon the merits, proceeds to dispose of the same by reversing said judgment and directing that the proper judgment be entered here.