WM. J. OLIVER MFG. CO. *v.* THOMAS SLIMP.

(*Knoxville.* September Term, 1917.)

1. **APPEAL AND ERROR.** Wayside bill of exceptions. Motion for directed verdict.

   A wayside bill of exceptions may be taken, preserving the action of the trial judge in overruling a motion for directed verdict and a motion for new trial based thereon, and errors may be assigned on appeal upon such action, although the jury failed to agree upon and report a verdict. (*Post, p.* 302.)

   Cases cited and approved: King v. Miller, 67 Tenn., 382; Railroad v. Conley, 78 Tenn., 531; Jenkins v. Hankins, 98 Tenn., 548; State v. Perry, 63 Tenn., 438; Railroad v. Higgins, 85 Tenn., 620; Railroad v. Scott, 87 Tenn., 494; Seymour v. Railroad, 117 Tenn., 98; Barnes v. Noel, 131 Tenn., 127; Bostwick v. Thomas, 137 Tenn., 99; Construction Co. v. Pundt, 136 Tenn., 328.

   Code cited and construed: Secs. 4851, 4852 (S.).

2. **TRIAL.** Refusing directed verdict. Waiver of errors.

   Error, if any, in overruling motion for directed verdict is not waived by failure to except to a subsequent order restoring the case to the docket for retrial. (*Post, p.* 302.)

3. **APPEAL AND ERROR.** Motion for new trial. Contents and scope.

   Where the judge on first trial denied a motion for directed verdict, and the jury failed to agree, and he then denied motion for new trial on the ground of error in denying directed verdict, it was not necessary for defendant in his motion for new trial at the last trial to include the failure of the trial judge to award a new trial at the first trial. (*Post, pp.* 302, 303.)

FROM KNOX.

Appeal from the Circuit Court of Knox County.— Von A. Huffaker, Judge.

Wright, Jones & Saxton and A. Y. Burrows, for plaintiff.

L. D. Smith and J. C. Wilburn, for defendant.

Mr. Justice Lansden delivered the opinion of the Court.

This is an action for personal injuries. There was a trial in which the jury could not reach an agreement, and a mistrial was entered and the case reinstated upon the docket. At a subsequent term another trial was had, and the jury rendered a verdict in favor of plaintiff for $2,000. Judgment was entered upon this verdict, and an appeal was taken to the court of civil appeals, in which court the judgment of the circuit court was affirmed.

The procedure of the first trial was as follows:

At the close of plaintiff's evidence defendant moved for a directed verdict, and at the close of all the evidence defendant made a like motion. Both of said motions were overruled by the trial judge at the time. The jury reported that it could not agree upon a ver-

dict and an order of mistrial was entered and the case restored to the docket for another trial. There was no exception to this order of the court. Subsequently the defendant made its motion for a new trial, and assigned as grounds therefor the action of the trial judge in overruling its two motions for a directed verdict. The trial judge overruled the motion for a new trial. Defendant preserved a wayside bill of exceptions, which was signed and sealed by the judge and made a part of the record in the case.

At a succeeding term the case was called for trial, and at the conclusion of plaintiff's evidence defendant made a motion for directed verdict, and at the conclusion of all the evidence a like motion was made. These motions were overruled. The jury returned a verdict in favor of the plaintiff for $2,000, and defendant made a motion for a new trial, assigning as grounds therefor the action of the trial judge in overruling its motions for a directed verdict. There was no complaint in this motion of the action of the trial judge in overruling the motions for a directed verdict in the previous trial.

The question is made here for plaintiff that defendant is not in a position to have this court consider the evidence contained in the wayside bill of exceptions, because the judgment in the first trial was not a final one from which an appeal could be taken, and because in the second trial, in which there was a final judgment, no complaint was made in the motion for new trial of the action of the trial judge in overruling

the motions for a directed verdict made in the first trial.

The act of 1875, carried into Shannon's Code at sections 4851, 4852, does not provide specifically for the facts of this case. These sections are as follows:

"4851. Where a motion for a new trial shall be granted or refused, either party may except to the decision of the court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it shall be the duty of the judge, before whom such motion is made, to allow and sign the same; and such bill of exceptions shall be a part of the record in the case.

"4852. It shall be lawful for the appellant in such case to assign for error that the judges in the court below improperly granted or refused a new trial therein, and the supreme court shall have power to grant new trials, or to correct any errors of the circuit court in granting or refusing same."

This act was passed before the practice of peremptory instructions was adopted in this State. It was construed soon after being passed in *King* v. *Miller,* 8 Baxt., 382; *Railroad* v. *Conley,* 10 Lea, 531; *Jenkins* v. *Hankins,* 98 Tenn., 548, 41 S. W., 1028; *State* v. *Perry,* 4 Baxt., 438; *Railroad* v. *Higgins,* 85 Tenn., 620, 4 S. W., 47; *Railroad* v. *Scott,* 87 Tenn., 494, 11 S. W., 317. In speaking of the act with reference to the practice then in force, the court said that it was intended to preserve any proper advantage obtained

by a verdict which had been erroneously set aside by the circuit judge for the benefit of the one in whose favor the verdict was rendered. This, of course, is true when understood in the light of the practice then prevailing.

But subsequently the practice of directed verdicts by the court, when the evidence introduced, considered as a whole, presents only a question of law for the court and not a disputed question of fact for the jury, was adopted. The question of law in such cases cannot exist apart from the evidence in the case, and it was early held that a motion for a new trial was necessary in order to review in this court the action of a trial judge in granting or overruling motions for directed verdicts. *Seymour* v. *Railroad,* 117 Tenn., 98, 98 S. W. 174. And later held in *Barnes* v. *Noel,* 131 Tenn., 127, 174 S. W., 276, that a wayside bill of exceptions can be taken to preserve the action of the trial judge on the first trial in overruling a motion for a directed verdict, and errors could be assigned in this court upon such action. Following this case, *Bostwick* v. *Thomas,* 137 Tenn., 99, 191 S. W., 968, held that a motion for a new trial was necessary where the trial judge overruled a motion for peremptory instructions on the first trial, but later, on a motion for new trial, set aside the verdict, and sustained the motion for directed verdict. In *Construction Co.* v. *Pundt,* 136 Tenn., 328, 189 S. W., 686, it was held that a successful plaintiff might take a wayside bill of exceptions to the action of a trial judge in granting

defendant a new trial and assign errors upon such action in this court, although the subsequent trial resulted in plaintiff's favor.

From these cases we think it is clear that a wayside bill of exceptions may be taken preserving the action of the trial judge in overruling a motion for a directed verdict and a motion for a new trial based thereon, and errors assigned in this court upon such action, although the jury failed to agree upon and report a verdict in the case. If the motion for directed verdict is well taken when made, either at the close of plaintiff's testimony or at the close of all the testimony, the effect of such a motion is to end the suit before it is submitted to the jury. The fact that the jury, when the case is submitted to it, fails to reach a verdict can in no wise deprive defendant of the benefit of his motion for a directed verdict. Nor do we think that a failure to except to a subsequent order restoring the case to the docket for retrial is a waiver of the motions for a directed verdict. No good purpose could be served by excepting to such an order, inasmuch as the trial judge had previously overruled the motions for directed verdict and new trial. The regular and ordinary course or procedure in the trial court required that the case be restored to the docket for retrial after the judge's action upon the motions.

It was not necessary for defendant to include in his motion for new trial at the last trial the failure of the trial judge to award a new trial upon the first trial. The cases cited, supra, show that the assignments in

this court are predicated upon the alleged errors shown by the wayside bill of exceptions. No error could be predicated upon subsequent proceedings that would affect errors alleged in the first proceedings. If the motion for a new trial shown upon the bill of exceptions preserved to the second trial should have been granted, it would not affect the errors alleged to exist as a result of the first trial. What was done during the first trial was beyond the control of the judge, and nothing which counsel or the court could do could change it. We think the course of practice followed in the court below was the correct one in cases like this.

The court of appeals pretermitted a decision upon the question of practice herein discussed, and affirmed the case upon the merits. We have examined the record and concur in the action of that court and the trial court.

Affirmed.