## W. J. DONALDSON, et al. v. JOSEPH CHEATHAM.

Eastern Section.  January 7, 1928.

Frank Montgomery, of Knoxville, for plaintiff in error.
L. C. Ely, of Knoxville, for defendant in error.

THOMPSON, J. . Joseph Cheatham sued W. J. Donaldson in the circuit court to recover damages for personal injuries sustained by him by being run over by an automobile owned and driven by Donaldson. The defendant pleaded "not guilty" and the case was taken up for trial by court and a jury on January 11, 1927. At the conclusion of the plaintiff's evidence and at the conclusion of all the evidence the defendant moved for peremptory instructions upon the ground that there was no material evidence to support a verdict against him. The court overruled these motions and submitted the case to the jury. The jury was unable to agree, and a mistrial was therefore entered on January 13, 1927.

On January 14, 1927, the defendant filed a motion for new trial, and on February 11, 1927, the defendant, by leave of court, amended said motion for new trial. Said motion for new trial made the question that the court had erred in overruling the motions for peremptory instructions because there was no evidence to support a

verdict against the defendant, and in effect asked the court to grant a new trial, sustain the motions for peremptory instructions and dismiss plaintiff's suit, etc.

The court held the motion under advisement until March 26, 1927, when an order or judgment was entered as follows:

"Came on to be heard the motion as amended of the defendant, W. J. Donaldson, for a new trial and for the court to direct a verdict, notwithstanding the mistrial heretofore entered and for the court to dismiss plaintiff's suit, etc., and the court, after hearing argument of counsel for both parties and after having said motion under advisement for two weeks after the argument thereof, the plaintiff, Joseph Cheatham, on today, March 26, 1927, and before the court had passed upon said motion of defendant, Donaldson, for a directed verdict, moved the court to be permitted to take a voluntary nonsuit against the defendant, W. J. Donaldson. The said motion of the said Cheatham was resisted by the defendant, W. J. Donaldson, who insisted that he was entitled to have an adjudication on his said motion, notwithstanding the mistrial heretofore entered in this cause.

"The court, after due consideration and argument of counsel, was pleased to and doth sustain the motion of the said Joseph Cheatham for a voluntary nonsuit, to which action of the court the defendant, W. J. Donaldson, excepted.

"The plaintiff's suit against the defendant, W. J. Donaldson, is therefore dismissed and plaintiff, Joseph Cheatham, will pay all costs of the cause, for which execution will issue."

Later, on the same day, i. e., March 26, 1927, an order or judgment was entered as follows:

"Comes the defendant, W. J. Donaldson, and moves the court for a new trial on account of the error of the court in permitting the plaintiff, Joseph Cheatham, to take a voluntary nonsuit in this cause, because said nonsuit should not have been granted the plaintiff because the case had already been submitted to a jury and the jury had disagreed and a mistrial had been entered, and said motion for nonsuit having been made after the entry of said mistrial came too late.

"Wherefore defendant, W. J. Donaldson, moves the court to grant him a new trial in this cause and to sustain his motion heretofore made for a directed verdict in his favor and to dismiss plaintiff's suit with full prejudice, and said motion having been duly considered by the court the same is overruled and disallowed, to which action of the court the defendant, W. J. Donaldson, excepted.

"To the action of the court in overruling his motion for new trial for failure to sustain the original motion for directed verdict and for failure to dismiss the plaintiff's suit with full prejudice,

and for permitting plaintiff to take a voluntary nonsuit, defendant, W. J. Donaldson, excepted and now excepts and prays an appeal in the nature of a writ of error to the next term of the Court of Appeals to be held at Knoxville, which appeal is granted and the defendant, W. J. Donaldson, is allowed thirty days from this date within which to prepare and file his bill of exceptions and within which to file his appeal bond, and when said bill of exceptions is filed it will become part of the record in this cause and transcript will be made out for the Court of Appeals.''

Defendant filed his bill of exceptions and appeal bond, and has assigned errors in this court making two questions: First, that the trial court erred in permitting the nonsuit; and, second, that the trial court erred in not directing a verdict in favor of the defendant upon his motions therefor.

As to the first of these questions: We attach no importance to the filing of the last motion for new trial, i. e., the one filed after the nonsuit. It will be observed that the trial court neither granted nor refused the defendant's first and amended motion for a new trial unless his action in granting a nonsuit could be considered as refusing it, and the statute (Shannon's Code, section 4851, et seq.) authorizing wayside bills of exceptions, etc., provides that the same may be filed and errors assigned, etc., ''where a motion for a new trial shall be granted or refused,'' etc.

But it seems to us that under this statute and the decisions construing it—particularly Barnes v. Noel, 131 Tenn., 126, 174 S. W., 276, and Oliver Mfg. Co. v. Slimp, 139 Tenn., 297, 202 S. W., 60—the trial court did not have the power to take away from the defendant his right to preserve by bill of exceptions his question raised by his motions for peremptory instructions and his motion and amended motion for new trial, and his right to have the same reviewed by the appellate courts, by simply not passing upon the motion and amended motion for new trial. Had the trial court overruled the defendant's motion and amended motion for new trial, clearly the defendant would have had the right to a wayside bill of exceptions so that he could, after final judgment, have the trial reviewed by the appellate courts, and it would have been error to permit the plaintiff to take a nonsuit. And it seems to us that the trial court could not defeat this right of the defendant by simply not acting on the motion and amended motion for new trial.

Insofar as Shannon's Code, section 4689 (permitting plaintiff to take a nonsuit at any time before the jury retires) is concerned, the motion for new trial and the court's consideration thereof and action thereon can well be regarded as a part of the trial (Street Railroad Co. v. Simmons, 107 Tenn., 392, 64 S. W., 705; Railroad v. Ray, 124 Tenn., 16, 134 S. W., 858), which is not over until the

motion for new trial is acted upon by the court, and, in the case under review, the jury having retired to consider of their verdict, the plaintiff could not thereafter, at least until the trial was over which it never was because the motion and amended motion for new trial were never acted upon, take a nonsuit.

Insofar as Shannon's Code, section 4691 is concerned (if it is applicable at all) the case was certainly "finally submitted to the court" by the filing of the motion and amended motion for new trial.

We think that the following cases are also authority for our holding that the trial court erred in permitting the plaintiff to take the nonsuit: Darby v. Pidgeon Iron Co., 144 Tenn., 298, 232 S. W., 75; Brackin v. McGannon, 137 Tenn., 207, 192 S. W., 922; Dodd v. Railroad Co., 120 Tenn., 446, 110 S. W., 588; Railroad v. Sansome, 113 Tenn., 683, 84 S. W., 615.

The action of the trial court in permitting the plaintiff to take a nonsuit and in dismissing the case without prejudice will therefore be reversed and set aside.

But it does not follow that the case is properly before us for review upon the question of whether or not the trial court erred in not directing a verdict in favor of the defendant, because the nonsuit or dismissal having been set aside, there has been no final judgment in the court below against the defendant who has appealed.

At any rate it seems to us that for this court to now pass upon the question of whether or not a directed verdict should have been rendered would be to establish an extremely bad practice. Suppose a case in which motion for peremptory instructions is made at the conclusion of all the evidence and is overruled by the court; the jury fails to agree and is discharged; the defendant files a motion for new trial based on the action of the court in refusing to direct a verdict; the trial court overrules the motion for new trial; and the plaintiff becomes alarmed and moves for permission to take a nonsuit. The trial judge, feeling uncertain as to whether he was right in overruling the motions for peremptory instructions and for new trial, would be encouraged to permit the nonsuit because he would know that if the plaintiff appealed and the appellate court reversed his action in permitting the nonsuit but thought he was right in overruling the motions for peremptory instructions and for new trial it could only remand the case for another trial, whereas, if the appellate court should think he was in error in overruling the motions for peremptory instructions and for new trial it would dismiss the plaintiff's case with prejudice and finally terminate it without further action in the lower court. This would be directly opposed to our system of having appeals postponed until final judgment in the trial courts and one review by the appellate courts—the first trial being reviewed first, etc., and would encourage premature appeals.

In the case at bar we are unable to determine whether the trial court thought he was right in overruling the motion for peremptory instructions made at the conclusion of all the evidence. Trial judges frequently overrule motions for peremptory instructions, submit cases to juries, and then later, on motions for new trial and more mature consideration, reverse themselves, grant the motions for new trial and dismiss the suits. In the case at bar the trial court held the motion and amended motion for new trial under advisement for several weeks and then never acted upon it, and we are unable to see from the record whether he felt certain that he was right in overruling the motion for peremptory instructions or whether he thought the plaintiff had the absolute right to take the nonsuit at the time he moved for permission to take it. And it has long been settled in this State that errors as to motions for directed verdicts. must be brought to the attention of the trial courts by motions for new trial and must be acted upon by said trial courts before they can be reviewed by the appellate courts.

The action of the trial court in permitting the nonsuit and dismissal without prejudice will be reversed and set aside, and the case will be remanded to the trial court for action on the motion for new trial and for further proceedings. The action or judgment of the trial court in taxing the costs of the trial court against the plaintiff will also be reversed and the costs of the trial court will remain unadjudged until further proceedings are taken in said trial court. The costs of the appeal will be taxed against the plaintiff below.

Portrum and Snodgrass, JJ., concur.