JAMES L. TAYLOR, et al. v. ROBERT BEATY.

Middle Section.   July 13, 1928.

No petition for Certiorari was filed.

Case & Wright, of Jamestown, for appellants, Taylor, et al.
W. A. Garrett, of Jamestown, for appellee, Beaty.

CROWNOVER, J. This bill was filed to recover a tract of land, to enjoin trespass and to recover for timber cut and removed. The defendant denied that the complainants owned the land or the timber and denied that he had trespassed on complainants' lands. The defendant also pleaded as res adjudicata two judgments of the circuit court of Fentress county for timber replevined that had been cut within the boundaries claimed by the defendant, in which that court adjudged that the defendant owned the land to his boundaries as claimed and was entitled to the timber replevined.

The case was tried by the Chancellor and a jury. The defendant moved for a directed verdict at the close of the evidence, which motion was overruled. The jury disagreed and a mistrial was ordered and the jury discharged. Whereupon the defendant moved for a directed verdict, which was sustained and the suit was dismissed. The complainants excepted and have appealed and insist that: (1) The trial court had no right to direct a verdict after the jury had been discharged; (2) that a judgment in replevin of timber is not res adjudicata as to the title of the land, and (3) that the judgment in the replevin suits only adjudicated the right to possession of the timber and did not adjudicate the title to the same, hence the replevin judgments are not res adjudicata as to the title of the timber.

After a careful examination of the record and the authorities, we are of the opinion that the trial court has a right to direct a verdict after granting a new trial or ordering a mistrial, should the facts warrant it. See Barnes v. Noel, 131 Tenn., 126, 174 S. W., 276; Oliver Mfg. Co. v. Slimp, 139 Tenn., 297, 202 S. W., 60.

But we are of the opinion that the judgments in the timber replevin suits are not res adjudicata as to the title of the land, even though the court set out the boundaries and adjudicated that the title to the land was in the defendant, as the title to the land was not an issue in those cases. In an action of replevin of timber where neither party has actual possession of any portion of the land at the time the timber is cut, the right to the possession of such timber must be determined by the title to the land, since the law in that case would attach constructive possession of the land to the title. But in such case evidence of title is admitted, not for the purpose of determining the question of the title to the land, but for the purpose of determining the question of possession. See Hart v. Vinsant, 6 Heisk., 616; Lieberman v. Clark, 114 Tenn., 117, 132, 85 S. W., 258.

"The force of estoppel lies in the judgment itself; it is not the finding of the court or the verdict of the jury which concludes the parties, but the judgment entered thereon. The reasoning of the court in rendering a judgment forms no part of the judgment as regards its conclusive effect, nor are the parties bound by remarks made, or opinions expressed by the court in deciding the cause, which do not necessarily enter into the judgment." 34 C. J., 873-874.

"Nor does the estoppel of a judgment extend to any matter which was only incidentally cognizable or which came collaterally in question, although it may have arisen in the case and have been judicially passed on" 34 C. J., 929; Hopkins v. Lee, 19 U. S., 109, 5 L. Ed., 218; Opinion of the Court of Appeals by Judge DeWitt, in the case of J. R. Bramer, et al. v. Bruno Gernt, et al., Fentress Equity, September term, 1926.

"A judgment is not conclusive on any point or question which from the nature of the case, the form of action, or the character of the pleadings could not have been adjudicated in the suit in which it was rendered." 34 C. J., 935.

Where the question of right or title was not directly in issue and was brought only incidentally in the former suit, the judgment is not conclusive, although the same property forms the subject-matter of the two suits. See 34 C. J., 941-943; Harris v. Mason, 120 Tenn., 668, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011.

A judgment in a forceable entry and detainer action is not a bar to an ejectment suit, as in one action the possession is involved

whereas in the other action the title is involved. See Casey v. McFalls, 3 Sneed, 115, 118; 34 C. J., 960, sec. 1364.

"A judgment in trespass does not necessarily settle anything beyond the particular facts of the trespass sued for. It is conclusive·of whatever was actually litigated and determined; but so far as concerns the land itself this generally includes nothing more than the right of possession, so that the judgment is not conclusive upon the title to the premises." See 34 C. J., 957, sec. 1360; Warwick v. Underwood, 3 Head, 238, 75 Am. Dec., 767; Cherry v. York (Tenn.), 47 S. W., 184.

Hence we hold that a timber replevin judgment is not res adjudicata as to the title of the land, because the title of the land could not be a direct issue in the replevin suit. The title to land could not be settled in replevin suits as a court has no jurisdiction of the subject-matter. It results that this assignment of error must be sustained.

But we are of the opinion that the judgments in the replevin suits are res adjudicata as to the timber involved in those former suits.

It will be observed that the judgments in those cases adjudge that the timber saw logs replevined were the property of the defendant Beaty, hence that court adjudged the title to be in Beaty.

Replevin is primarily a possessory action, and the right to possession is sufficient to maintain the action, but such right can arise only by virtue of some general or special ownership; hence it is necessary that complainants possess some property right in the timber in question, or, as it is frequently stated, the right of possession must be coupled with ownership, either general or special, but the right to possession may be derived from either general or special ownership. The title may be in one person and the right to possession in another, or both the title and the right to possession may be in the same person, but the right to possession controls. 34 Cyc., 1388-1390.

The plaintiff must recover either upon his title, absolute or special, or his right of possession. Hart v. Vinsant, supra.

Such judgments ordinarily determine nothing more than the right of the successful party to the immediate possession of the property in question, and does not settle anything as to title or ownership, unless that particular matter is the issue on which the decision actually operates. 34 C. J., 965, sec. 1375.

In other words, where neither party is in the actual possession of the land from which the timber was removed, the possession will be adjudged to him who has the legal title, and the issue then becomes a question of the ownership of the property.

In those replevin cases the question of ownership of the timber was actually in issue and decided in favor of the defendant, hence the judgments estop the complainants from again asserting title to the timber involved. 2 Black on Judgments, sec. 671.

Hence this assignment of error must be overruled.

The second assignment of error having been sustained, it results that the decree of the Chancellor must be reversed and the cause remanded to the chancery court of Fentress county for a new trial as to the title of the land in controversy. The cost of the appeal is decreed against the defendant Robert Beaty for which execution may issue; but the cost of the cause will await the final termination of the case.

## OPINION ON PETITION TO REHEAR.

This cause was decided by us at the last term, and is now again before us on petitions to re-hear.

Appellants Taylor, et al., insist that they are entitled to recover damages for the detention of the land and mesne profits. and that the former replevin judgments for the saw logs do not bar these rights. This court had an impression when the decree was rendered that there was no damage other than the value of the trees, and the propositions of mesne profits, damages for waste and unlawful detention were not pressed other than that the replevin judgments were not res adjudicata. We did not intend to hold that the complainants were not entitled to recover for mesne profits and damages for waste and unlawful detention in cases of this kind, where the parties had prior litigation about the timber cut off of the land. We now expressly hold that complainants, in the event they are successful in the suit recover the land, may also recover mesne profits and damages for waste and for the unlawful detention of the land, as in other ordinary ejectment suits, the measure of damages being the difference between the value of the land when taken possession of by the defendant and when it was restored to the complainants, together with the rent while in the defendant's possession, if the property had a rental value. Caruther's History of a Lawsuit (5 Ed.), 137. The measure of damages for waste and injuries to the freehold is the diminished value of the land. However, the complainants will not recover from the defendant the value of the saw logs involved in the former replevin suits, and the loss of their value will not be taken into consideration in fixing the damages. Our former decree will be so modified, and to this extent the appellants' petition for a rehearing is granted.

The defendant's petition for a rehearing must be overruled for the reasons stated in our original opinion.

Faw, P. J., and DeWitt, J., concur.