RAILROAD *v.* SCOTT.

(*Jackson.* April 9, 1889.)

1. SUPREME COURT. *Practice. Several bills of exceptions.*

Supreme Court will consider record of each trial separately and in order of time, where bills of exceptions have been taken upon several successive trials of a case in the lower Court.

Act cited: Act 1875, Ch. 106.

Code cited: §§ 3836–7 (M. & V.).

2. RAILROADS. *Killing stock. Statutory precautions. Charge of Court erroneous, when.*

The Court erroneously declares the law, and invades the province of the jury, where, in an action against a railroad company for value of animal killed by collision, he instructs the jury that observance of the statutory precautions *in any special arbitrary order, without reference to their effectiveness, under the particular circumstances, to prevent the accident,* will excuse the company from liability.

Code construed: § 1298, subsec. 4 (M. & V.); § 1166, subsec. 4 (T. & S.).

3. SAME. *Same. Same. Province of jury. Proper charge.*

It is for the jury—not the Court—to determine whether the railroad company has shown proper observance of the statutory precautions.

The proper instruction in such case is, that it was the duty of the company to observe all of the precautions prescribed by the statute, together with every other means at its disposal, to stop the train and prevent the accident ; but if it was impossible, for want of time, to observe all the precautions, or if some precautions were, under the particular circumstances, more effectual than others, then the company must first observe those precautions, which, from their nature, are best calculated and most effectual, under all the circumstances, to prevent the accident.

Railroad *v.* Scott.

Cases cited and approved: Railroad *v.* Scales, 2 Lea, 688; Railroad *v.* Swayne, 5 Lea, 119; Railroad *v.* Thomas, 5 Heis., 266; Hill *v.* Railroad, 9 Heis., 827; Railroad *v.* Pratt, 85 Tenn., 13.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

POSTON & POSTON for railroad.

L. W. HUMES for Scott.

FOLKES, J. This was an action by Scott to recover from the Railroad Company damages for the negligent killing of a mule by a train running upon the same while on its track.

There were two trials. The first resulted in a verdict for the railroad. A new trial was granted upon motion of plaintiff, to which action of the Court a bill of exceptions was taken, and duly filed.

At the second trial there were verdict and judgment for the plaintiff in the sum of $135. New trial being refused, the Railroad Company has appealed in error.

The first error assigned is to the action of the Court in granting new trial.

The record shows that such new trial was

granted because of error in the charge. It is insisted that there was no error in the charge, and that the new trial was improperly granted, and that the Railroad Company is therefore entitled to have here a judgment in its favor on the first verdict.

The correct practice, under the Act of 1875, Ch. 106, carried into the M. & V. Code, §§ 3836 and 3837, authorizing a bill of exceptions to the action . of the Court in granting a new trial is, when the case finally comes before this Court on appeal from the final judgment, at the succeeding trial, to first examine the record of the first trial so far as it concerns the action of the Court in granting the new trial. If the trial judge has committed no error in allowing such new trial (and very much is necessarily left to his discretion, especially where he is dissatisfied with the verdict), this Court will refuse to disturb his action thereon, and will pass to the consideration of the record of the second trial.

If, on the other hand, the trial judge has committed manifest error in setting aside the first verdict, this Court will enter judgment on such verdict, without looking to the record of the succeeding trial or trials.

Applying this rule, let us see what the record of the first trial discloses. It shows a case where a mule appeared upon the track some fifteen or twenty yards in front of a passenger train, the latter running at the rate of thirty miles an hour.

Railroad *v*. Scott.

At this rate of speed, according to the testimony of the engineer, it would be impossible to stop the train under two hundred yards. The engineer immediately put on the air brakes, and reversed the engine, and by the time he had done this the animal was struck and killed. The engineer further testified that he was so close to the mule when she came upon the track that he had no time to do more than he did do to stop the train; that for this reason he did not blow the whistle nor ring the bell; that what he did was the best way to stop the train, and that the only effect the blowing of the whistle could have had was that it might have frightened the mule from the track.

This was all the evidence concerning the accident.

The Court charged the jury that "if the engineer was on the lookout ahead, and as soon as the mule appeared upon the track, the engineer put on the brakes, and reversed the engine, and that by reason of the close proximity of the mule to the train the engineer was unable to comply with any other of the statutory precautions, or apply any other means to stop the train and prevent the accident, and that at the time of the accident the train was supplied with proper head-light (the accident having occurred in the night time) and all necessary and proper equipment for the running and stopping of the train, then you will find for the defendant."

This was error, for which the Circuit Judge rightfully granted a new trial.

It was manifest, from the uncontradicted, indeed from the only proof in the case, that the means employed to stop the train, while the best to accomplish that end, doubtless, were not the best to have prevented the accident under the circumstances. According to the engineer it was impossible to have stopped the train at the rate of speed it was going within the short distance that intervened, so that, where he did not have time to observe each of the statutory requirements, ordinary diligence demanded that he should have used those most likely to prevent the accident. The blowing of the whistle, as he admits, might have frightened the animal from the track, and should, therefore, have been resorted to; after doing this, he should have done the other things · prescribed if he had the time.

Where he can do so he is required to use each and every precaution named in the statute, as also "every possible means to stop the train and prevent the accident."

Under the proof in this cause he may have used every means at his disposal "to stop the train," and yet not have used every means "to prevent the accident."

One of the means of preventing the accident, and perhaps the most effectual under the circumstances, was the alarm whistle, which might have frightened the animal instantly from the track.

The charge, as given, directs the jury to find for the defendant if, together with proper equipment,

the engineer, after applying the brakes and reversing the engine, was, for want of time, unable to do any thing more, without regard to whether what was done was or was not prudent under the circumstances, so that the question of negligence under the particular facts of the case was virtually taken from the jury.

It should have been left to the jury to determine whether, under the facts as found by them, the engineer had complied with the statute.

And while they were properly told that the several statutory requirements need not necessarily be complied with in the order in which they are enumerated in the statute, they should likewise have been told that where it was impossible to observe each of them, by reason of the suddenness of the appearance, and the proximity of the animal, such of them should have been resorted to as were best calculated to prevent the accident.

Such is manifestly the intent and meaning of the statute in question, and such is the common law rule as well. *Railroad* v. *Scales*, 2 Lea, 688; *Railroad* v. *Swayne*, 5 Lea, 119; *Railroad* v. *Thomas*, 5 Heis., 266; *Hill* v. *The Railroad*, 9 Heis., 827; *Railroad* v. *Pratt*, 1 Pickle, 13.

Having determined that the new trial was rightfully granted for error in the charge, let us see if there be error in the record of the second trial.

The proof was identical in this as in the first trial.

The Court, after reading to the jury the statute, continuing, said:

"If you find from the evidence that after the mule appeared upon the track, owing to nearness to the approaching train, the engineer, on the lookout, did not have sufficient time to observe all the precautions, then it was his duty to first sound the alarm whistle, and if he had time, next to put down the brakes, and then, if he had time, to employ every possible means to stop the train and avoid the accident; or, in other words, to observe the precautions in the exact order in which they are named in the statute, and for failure to thus observe them when plaintiff's mule so appeared upon the track, defendant would be liable."

This was error.

The statute requires the company to have "the engineer, or fireman, or some other person upon the locomotive, always upon the lookout ahead, and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

The Act also provides that a failure to observe these precautions renders the company liable, and places the burden of proof upon the company to show a compliance therewith; providing at the same time that, a compliance being shown, the company is not liable.

It is further enacted, that "where a railroad company is sued for killing or injuring stock, the

burden of proof that the accident was unavoidable shall be upon the company."

It is manifest that all of these provisions are to be taken as a whole, and construed together.

When so considered it is clear that there is nothing indicative of a legislative intent to render it obligatory upon the company, at all hazards, to observe the precautions in the order they happen to be enumerated in the statute.

In enumerating several precautions it was necessary that some should be placed before others, but this necessity does not warrant the idea that the order of statement renders imperative performance in the order stated.

The employment of "every possible means to prevent the accident" in all cases, and the burden of proof placed on the company in the case of killing or injuring stock, "to show that the accident was unavoidable," is, by the statute, just as imperative as the things enumerated.

Some of these means may be more efficacious, in particular cases, than others; and from the nature of the case it may be more prudent to resort to the precautions in an order different from that named in the statute.

For instance, if there was discovered upon the track an object known to the engineer to be incapable of hearing or moving, and there was not time sufficient to perform each enumerated precaution, it might be gross negligence to sound the alarm whistle at the expense of postponing the ap-

plication of the air brakes and reversing the engine.

On the other hand, in a case where the object was a man or an animal that might be frightened off, and when discovered the train was so near that at the rate of speed at which the train was moving it was impossible to stop before striking the object, it would seem to be equal negligence to apply the brakes and reverse the engine at the expense of postponing the alarm whistle, which might avoid the accident.

The Court should, therefore, have instructed the jury that it was the duty of the company to observe all of the precautions prescribed by the statute, together with every other means at its disposal, to stop the train and prevent the accident; but that if, by reason of the suddenness of the appearance of the obstruction upon the track, and the proximity and speed of the train, it was impossible to observe each of the precautions, then it was the duty of the engineer, or person in charge, to perform such of the requirements and precautions as, under all the circumstances, were best calculated, and most effectual, to prevent the accident.

There was no error in the refusal of the Court to give the first request for special charge made by defendant. It was substantially what was given at the first trial, and which we have pronounced erroneous. It assumed that the applying of the air brake, and reversal of the engine, were a sufficient compliance with the statute where there was not

time to perform all the requirements, thus taking from the jury the question as to whether the resort to the air brakes, and reversal of the engine, were the most prudent things to be done under the circumstances.

The matter of the second special request is disposed of in what we have already said with reference to the main charge, and need not be mentioned further. It should have been given, with the qualifications indicated herein, by our statement of what should have been charged concerning the duty of the company under such circmstances.

For the errors stated the judgment must be reversed, and cause remanded for a new trial.