## BAUGH v. RAILROAD.

### (*Nashville.* January 13, 1897.)

1. APPEAL. *From second verdict.*

    An appeal from a final judgment brings up for review the proceedings of a former trial, preserved by bill of exceptions, in which a verdict favorable to appellant was set aside. (*Post, pp. 120, 121.*)

    Act construed: Acts 1875, Ch. 106.

    Code construed: §§ 4851, 4852 (S.); §§ 3836, 3837 (M. & V.).

    Cases cited and approved: State v. Perry, 4 Bax., 438; King v. Miller, 8 Bax., 382; Railroad v. Conley, 10 Lea, 533: Morgan v. Bank, 13 Lea, 241; Chesapeake v. Higgins, 85 Tenn., 620; Railroad v. Scott, 87 Tenn., 497; Railroad v. Lee, 90 Tenn., 570.

2. SUPREME COURT. *Will not disturb Judge's action setting aside verdict, when.*

    The Supreme Court will not disturb the action of the trial Judge in setting aside a verdict as unsupported by the evidence, if, upon the facts, the correctness of the verdict is "fairly debatable." (*Post, pp. 121, 122.*)

3. SAME. *Charge not part of bill of exceptions.*

    Where the record contains two bills of exceptions taken upon separate trials, and upon suggestion of diminution a charge of the Court is sent up, which is not ear-marked for either trial, it will not be treated, for the purpose of putting the trial Judge in error, as the charge given on the second trial. (*Post, p. 122.*)

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

M. W. ALLEN for Baugh.

EAST & FOGG, C. D. PORTER, and J. D. B. DEBOW for Railroad.

CALDWELL, J.    John Baugh brought this suit against the Nashville, Chattanooga & St. Louis Railway Company, to recover damages for personal injuries alleged to have been received by him through its negligence.

There were two trials in the Court below.    In the first one the plaintiff obtained a verdict for $600.    On motion of the defendant, the Court set that verdict aside and granted a new trial.

In the second trial the jury returned a verdict for the defendant, and upon that verdict the Court, after overruling the plaintiff's motion for a new trial, rendered a judgment dismissing the suit.    The plaintiff preserved a bill of exceptions in each instance, and, after judgment final, appealed in error. This procedure brought the whole case, upon the two bills of exceptions, into this Court.    The making up and preservation of the first bill of exceptions were authorized by the provisions of Ch. 106, Acts of 1875, (Code, M. & V., §§ 3836, 3837; Shannon, §§ 4851, 4852), and the appeal in error after final judgment, brought up for review all questions properly arising upon that bill of exceptions.    *Ib.; State* v. *Perry,* 4 Bax., 438; *King* v. *Miller,* 8 Bax., 382; *Railroad* v. *Conley,* 10 Lea, 533; *Morgan* v. *Bank,* 13 Lea, 241; *Chesapeake* v. *Higgins,* 85 Tenn., 620;

*Railroad* v. *Scott*, 87 Tenn., 497 ; *Railroad* v. *Lee*, 90 Tenn., 570.

The case being here on both bills of exceptions, it stands for examination first upon the prior one. *Chesapeake* v. *Higgins*, *supra;* *Railroad* v. *Scott*, *supra.*

The first complaint made in this Court is that the trial Judge erroneously set aside the verdict and granted a new trial. The record recites that the defendant's motion for a new trial was sustained upon the ground that the Court thought the verdict "contrary to the weight of the evidence." The plaintiff insists that the trial Judge was in error in his opinion as to the weight of the evidence; and, in support of that insistence, the plaintiff says that he had three witnesses and the defendant only one on the controlling issue in the case, and, consequently, that the weight of the evidence was with the verdict, and not against it. Upon this contention we are asked to reverse the action of the trial Judge and to render a judgment on the verdict for $600, as it is said he should have done. It is not within the province of this Court to inquire, in such a case, whether the weight or preponderance of the evidence was on the one side or on the other. That was the duty of the jury, in the first place, and then of the trial Judge. If this Court, upon looking to the record, finds that the controlling issue of fact was fairly debatable from the evidence adduced, it will pursue the investigation no further,

but will accept the decision of the trial Judge as conclusive. The record now before us presents that case.

The second complaint urged by the plaintiff is that the trial Judge committed an error in a certain portion of what is claimed to have been his instruction to the jury on the second trial. How this is cannot be ascertained, for the record does not distinctly show what instruction the jury received on that trial.

The second bill of exceptions, after setting out the evidence, contains the words, "The Court charged the jury as follows;" but, in fact, no charge appeared in the transcript first filed in this Court. To cure that defect, the plaintiff made appropriate suggestion of a diminution of the record, and thereafter brought up a supplemental transcript, which contains what seems to have been a charge in the case at some time. But whether this charge was given on the first or on the second trial cannot be discovered. The Clerk certifies that it is "the charge had" in the case, without saying, or even indicating, when, or in which of the two trials, it was delivered; and the charge itself is not dated, or otherwise identified as the particular instruction given to the jury on the second trial of the case. In this state of uncertainty it cannot be treated as the charge delivered on the second trial; hence, the second assignment of error has nothing to stand upon.

Affirm the judgment dismissing the suit.