### SOUTHERN RY. CO. v. LEWIS.

### SAME v. WASMANN.

Circuit Court of Appeals, Sixth Circuit.
January 20, 1930.

Nos. 5255, 5256.

Charles H. Smith, of Knoxville, Tenn. (H. O'B. Cooper, of Washington, D. C., and J. A. Susong, of Greeneville, Tenn., on the brief), for appellant.

W. T. Kennerly, of Knoxville, Tenn. (Kennerly & Key and Green, Webb & Bass, all of Knoxville, Tenn., on the brief), for appellees.

Before DENISON, MO�‘ORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. In these actions for damages for injuries received at a railroad crossing, the jury found for defendant on the common-law counts, but for plaintiffs on the statutory counts. The only question before us is whether there should have been directed verdicts for defendant on these latter counts.

It was the duty of the defendant, under the statutes, to have some one on its engine to maintain a lookout, and when the plaintiffs appeared "upon the road" to sound the alarm whistle, put the brakes down, and employ all other possible means to stop the train and avoid the collision. Subsection 4, § 1574, Shannon's Code. It has been held that the duties of the person on the engine as stated above, except as to the maintenance of the lookout, arise only when the person or obstruction appears upon the track or in lateral striking distance of a passing engine or train thereon. Nashville, etc., R. Co. v. Anthony, 1 Lea (Tenn.) 516; Curtis v. L. & N. R. R. Co., 232 F. 109 (6 C. C. A.); Southern Ry. Co. v. Matthews, 29 F.(2d) 52 (6 C. C. A.). It has also been held that, if there is not time to do everything the statute requires, then the engineer must do those things first which are best calculated to prevent the accident. Memphis & C. Railroad v. Scott, 87 Tenn. 494, 11 S. W. 317; Tennessee Cent. Railroad v. Morgan, 132 Tenn. 13, 175 S. W. 1148.

The evidence in these cases shows that the engineer was keeping the lookout required by the statute; that, when the automobile in which plaintiffs were riding came close enough to the track to be an obstruction, the engine was slightly more than 20 feet from the crossing; that the engine was then running not over 20 miles an hour, and the automobile 10 or 12; and that the engineer at once applied his brakes with one hand, and took hold of the reverse lever with the other to reverse the engine, but before he could completely reverse it the collision occurred. The engineer did not sound the alarm whistle because both hands were busy, and, if he had done so, it is doubtful that it could have been done before the collision occurred—certainly not in time for plaintiffs to jump from the automobile before it occurred. The obvious thing for him to do under the circumstances was to apply the brakes and do what he could to slacken the speed of the engine, with the hope that the automobile would pass over the crossing before the engine reached it. Even if reasonable allowance be made for lack of precision in estimating exact distances, still no substantial basis remained for any inference that the engineer did not do everything he could. In our opinion verdicts for defendant on the statutory counts should have been directed.

The judgments thereon are reversed, and the causes remanded for further proceedings.