GENERAL OUTDOOR ADVERTISING CO. v. COLEY (Two Cases).—131 S. W. (2d), 305.

Western Section. October 22, 1938.

Petition for Certiorari denied by Supreme Court, February 18, 1939.

294

Winchester & Bearman and John Porter, all of Memphis, for appellant.

Harold R. Ratcliff and Pat Johnson, both of Memphis, for appellee.

ANDERSON, J. The first mentioned case is an action by a minor by next friend against the General Outdoor Advertising Company and Jack Hardy for personal injuries sustained in an automobile accident; and the other is an action by the father of the minor against the same defendants for loss of services of his minor child and medical expense incurred in the treatment of her injuries. It was charged that the defendant Hardy was operating an automobile which struck the minor at a street crossing in Memphis. The theory of liability against the defendant, General Outdoor Advertising Company, was grounded solely upon the doctrine of respondeat superior.

The cases were consolidated and upon the first trial verdicts were rendered for the plaintiffs and against the defendant, Jack Hardy, the damages in the minor's case being assessed at $10,000, and in the father's case at $750. In the same verdict the jury reported their inability to agree as to the liability of defendant, General Outdoor Advertising Co. Judgments were accordingly rendered awarding recoveries against the defendant, Jack Hardy, and reciting the entry of mistrials as to the defendant, General Outdoor Advertising Company. Upon consideration of a motion for a new trial, remittitur of $2,500 in the minor's case was suggested by the trial Judge, which was accepted under protest, and that judgment has become final and it is not challenged.

The defendant, General Outdoor Advertising Co., filed its motions for new trials, grounded on the action of the trial Judge in declining to sustain its motion for a directed verdict made at the close of all the evidence. These motions were overruled and the defendant seasonably perfected and filed a wayside bill of exceptions, preserving the evidence heard upon the first trial.

At a subsequent term, the cases were again tried upon the issues joined between the plaintiffs and the defendant, General Outdoor

Advertising Company. This trial resulted in a jury verdict in favor of the minor plaintiff and against that defendant in the sum of $5,000, and a verdict in favor of her father in the sum of $500. Judgments were entered accordingly and, after unsuccessful motions for a new trial, the General Outdoor Advertising Co. brought the cases here by an appeal in error.

■ We are first concerned with the assignment of error challenging the action of the trial Judge in overruling the motion of the defendant, General Outdoor Advertising Company, made at the close of the evidence heard on the first trial, for directed verdicts in its favor. The plaintiffs argue that this question cannot be considered for the reason that, although it was raised in the motion for a new trial filed following the mistrial as to the General Outdoor Advertising Company upon the first trial of the cases, it was not made a ground of the motion for a new trial following the verdict in the last trial. This was not necessary. The practice followed by the defendant was correct and not only warrants, but requires, a consideration of the question presented by the action of the trial Judge in overruling the motions for directed verdicts upon the first trial. Oliver Mfg. Co. v. Slimp, 139 Tenn., 297, 202 S. W., 60.

■ It is conceded that the automobile that struck the minor plaintiff belonged to Hardy individually and that the defendant, General Outdoor Advertising Company, had no interest therein. Therefore, before the jury would have been warranted in returning a verdict against that defendant they would have had to find that it had expressly or impliedly authorized Hardy to use his automobile for that purpose. Tucker v. Home Stores, Inc., 170 Tenn., 23, 91 S. W. (2d), 296, and cases cited.

Whether there was any evidence that would have warranted this conclusion is the determinative question.

■ The General Outdoor Advertising Company, as its name indicates, is engaged, in Memphis, in maintaining outdoor signboards for advertising purposes. Its local plant is located at Jefferson and Neely Streets. The defendant, Jack Hardy, was in its general employ. He was a member of the construction crew which repaired and constructed signboards. It was also a part of his duties to cut grass around the signboards when assigned to this work. For this purpose he was furnished suitable tools by his employer. His regular hours of work were from 8 a. m. to 4:30 p. m. Sometimes he worked overtime and was paid accordingly. On October 15, 1936, about 6 o'clock p. m. Hardy, accompanied by a companion, was driving an automobile belonging to him personally, westwardly along Madison Avenue. The automobile struck the minor plaintiff at the intersection of Madison and Dudley Streets while she was crossing from the south to the north side of Madison. At the time of the accident there were some grass cutting tools on the floor of Hardy's

car between the front seat and the back seat. Hardy lived at 775 Jefferson Avenue near the corner of that thoroughfare and Manassas. The plant of the defendant, General Outdoor Advertising Company, was located on Jefferson west of Hardy's home. Both the plant and the home of the defendant were west of the scene of the accident. It was the duty of Hardy to leave at the plant at the end of the day's work any tools that had been furnished him by his employer. A witness was allowed to testify without objection of the General Outdoor Advertising Company that immediately after the accident Hardy stated that "he was in a hurry to get back before they closed and did not see the child." He further testified that Hardy did not say to whom he had reference in making this statement. This evidence was excluded on the second trial of the case, but the action of the trial judge in admitting it upon the first trial is not challenged and therefore in the review of that proceeding it must be considered for whatever it is worth. Ehrlich v. Weber, 114 Tenn., 711, 88 S. W., 188; Smith v. Fisher, 11 Tenn. App., 273, 286.

There was testimony from a disinterested witness, who was not in any wise discredited, to the effect that immediately prior to the accident Hardy had been playing baseball at Hodges Field in Memphis, which is located on Jefferson Avenue east of the scene of the accident, and that he left that point at approximately 6 o'clock. It is not essential, however, to a disposition of the case under consideration that this evidence be considered.

The contention of the plaintiffs is thus succinctly stated in the brief: "The fact that Hardy had tools in his car, coupled with the facts as admitted in the record, that he was employed by the defendant, General Outdoor Advertising Company, and part of his duties were to cut grass in front of signs; that the General Outdoor Advertising Company furnished all tools necessary in the work; that the workmen were required to return the tools each evening to the office of the General Outdoor Advertising Co.; and that Hardy was at the time of the accident headed toward the General Outdoor Advertising Co.; certainly make out a prima facie case that he was about the business of the defendant corporation and using his automobile with their knowledge and consent either express or implied, at the time of the accident."

The theory of this contention apparently is that at the time of the accident Hardy was enroute from somewhere to his employer's plant on Jefferson and Neely for the purpose of returning the latter's grass cutting tools, which were in his car.

■ ■ Assuming, without deciding, that, considered in the light most favorable to the plaintiffs, the evidence warranted an inference that at the time of the accident Hardy was en route to his employer's place of business in discharge of a duty to return its tools, yet there was no evidence whatever that would have justified the further con-

clusion that the use by Hardy of his own automobile for this purpose was expressly or impliedly authorized by his employer. There was nothing to indicate that he had ever used his own car before or since on any business of his employer. To the contrary, the plaintiffs themselves introduced the local manager of the General Outdoor Advertising Company, who testified in course of examination positively and unequivocally that the Company furnished transportation and equipment for all employees in performance of their duties and that Hardy was not authorized to use his own automobile in the performance of any duty or any business for the Company, and that he had never been known to do so. This failure of the proof with respect to this essential element of the causes of action was fatal. Tucker v. Home Stores, Inc., supra.

██ ██ The plaintiffs' argument for a contrary view appears to be that, from the evidence, the employer generally furnished its employees with grass cutting tools with which to cut grass about its signs, and that tools of that kind were found in Hardy's car at the time of the accident, the car being then headed in the direction of the plant, and that, therefore, the jury would have been warranted in inferring that Hardy was impliedly or expressly authorized to use his car for the purpose of returning the tools. We think this argument is manifestly unsound. In the first place, it ignores the testimony of the defendant's local manager. But, apart from this, there was no direct evidence that the tools found in Hardy's car belonged to the General Outdoor Advertising Company. At least that fact itself depended upon an inference from other facts with respect to which there was some evidence. Hence, under familiar rules, it could not be used as the basis for a further inference.

It is obvious from an examination of the case of Tucker v. Home Stores, Inc., supra, that it furnishes ample support for the conclusion indicated in this one.

The plaintiffs refer us to the case of Western Union Telegraph Co. v. Lamb, 140 Tenn., 107, 203 S. W., 752, as authority for their contention. The status of that case when it was before the Supreme Court and the facts thereof are so essentially different in a determinative sense from the case at bar that it seems entirely unnecessary to discuss it.

██ The defendant argues that there are other defects in the proof which required that a verdict be directed in its favor, but the one we have pointed out, we think so clear that it is unnecessary to refer to any others. This view of the first trial of the case renders unnecessary a consideration of the questions arising on the record of the second trial. The result is that the judgments are reversed and the suits dismissed at the plaintiffs' cost.

On Petition to Rehear.

At a former day of this term, we reversed the action of the trial judge in refusing to sustain the motion of the defendant, General Outdoor Advertising Company, for directed verdicts in its favor made at the conclusion of all the evidence heard on the first trial of these cases, sustained these motions and dismissed the suits. By a petition to rehear we are asked to rule on the assignments of error predicated upon the record of the second trial.

In the petition appears the following: "Petitioner would show that there is some confusion in the law as to whether or not the petitioner, General Outdoor Advertising Company, would have a right to file a petition for certiorari for the purpose of having the Supreme Court of this State pass upon the foregoing pretermitted assignments of error without first filing this petition to rehear requesting your Honors to pass upon said pretermitted assignments."

This confusion in the mind of petitioner appears to have arisen from certain language of the learned Special Judge who delivered the opinion in the case of Lillard v. Tolliver, 154 Tenn., 304, 285 S. W., 576, which dealt with assignments of error pretermitted by this court in the consideration of that case.

From this language the petitioner concludes that ". . . in the event the Court of Appeals pretermits any assignment of error that the party seeking to urge those assignments in the Supreme Court should first call the pretermitted assignments to the attention of the Court of Appeals and then file a petition for certiorari."

In the case referred to, the Court was dealing with a situation where the party complaining had filed no petition for certiorari seeking a review of the pretermitted questions, and it was therefore held in accordance with the settled practice that in the absence of such a petition the court was without jurisdiction of such questions. So much of the language as indicated by implication that it was necessary that the pretermitted questions be again called to the attention of this court before a petition for certiorari could be filed, we think was unnecessary to the decision upon the determinative question. From this language, alone, of the learned Special Judge, and that is all there is on the point, we cannot conclude that it was thereby intended to repudiate the long established practice whereby questions which this court finds it unnecessary to pass on may be, without more, reviewed by certiorari. Knight v. Cooley, 131 Tenn., 21, 22, 173 S. W., 435; Tri-State Fair v. Rowton, 140 Tenn., 304, 204 S. W., 761, L. R. A. 1918F, 657; Independent Life Ins. Co. v. Hunter, 166 Tenn., 498, 63 S. W. (2d), 68. While there are exceptional cases principally arising out of the fact that we are an intermediate appellate tribunal, this court as a general rule endeavors to confine its decision to the question or questions that are determinative of the controversy and having decided these, brings its

opinion to a conclusion upon the theory that the entire controversy having been decided, a decision upon other questions, being unnecessary, would be of doubtful value from any viewpoint.

Experience has proven beyond a doubt that, generally speaking, the wisest course is to pass on what is necessary to dispose of a controversy and then stop.

■ ■ If we pretermit a question on the theory that it is immaterial in the view we take of the case, then our action in this respect is subject to review by certiorari and it has long been so understood by the profession. The petition for the writ proceeds upon the theory that we erred in concluding that the question was immaterial. In short, on the part of this court, errors of omission as well as errors of commission are reviewable by certiorari. Independent Life Ins. Co. v. Hunter, supra.

■ In the situation presented in the instant case, the rule of practice is that the appellate court will, if necessary, hear and consider separately and in order the records of each trial. In passing upon the questions arising upon the first trial all subsequent proceedings are ignored. If a decision of these questions is determinative of the entire controversy it does not become necessary to go further and consider the questions arising upon the second trial. Cf.: Railroad v. Scott, 87 Tenn., 494, 11 S. W., 317. And see numerous cases cited by Judge Williams in his notes to Williams Tenn. Code Annotated, section 8986.

The petition to rehear is denied at the cost of the General Outdoor Advertising Company.

Senter and Ketchum, JJ., concur.