COLEMAN H. DYKES, Respondent,

*v.*

MEIGHAN CONSTRUCTION COMPANY, INC., Petitioner.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

ELY & ELY, Knoxville, for petitioner.

HUGH C. SIMPSON, Knoxville, for respondent.

MR. JUSTICE TOMLINSON, delivered the opinion of the Court.

The controversy between the litigants was whether Dykes or Meighan Construction Company is the owner of

two expensive heavy construction machines. A jury was demanded. It returned a verdict in favor of complainant, Dykes, after submission to it of much oral testimony.

The chancellor set that verdict aside with the statement that he was not "satisfied with the verdict, and for other reasons appearing sufficient" to him. Dykes excepted, and, by proper procedure, filed a wayside bill of exceptions.

Upon the next trial the jury found in favor of defendant Meighan Construction Company. The chancellor approved that verdict. Dykes appealed, and assigned error to the action of the court in setting aside the verdict returned in the first trial. He also assigned errors alleged to have occurred with reference to the second trial.

The court of appeals, in its statement of the case, said that "if we sustain the assignments of error relating to the first trial, no consideration whatever will be given to the second trial, other than to reverse it".

After a detailed discussion of the proceedings and testimony, that court did conclude that the chancellor erred in setting aside the verdict in the first trial. It based that conclusion upon Section 27-108 T.C.A. having reference to wayside bills of exception, and upon what it considered the rulings of this Court to be in applying this code section.

This court granted Meighan's petition for certiorari. Its memo to counsel suggested discussion of what it considered, and now considers, the only question presented by the petition, to wit, whether the court of appeals was authorized by Section 27-108 T.C.A. dealing with a wayside bill of exceptions "to reinstate a verdict which the

chancellor had set aside because he disapproved that verdict on the facts, there being substantial evidence both pro and con, on that fact question''.

On the oral argument, after the granting of the petition for certiorari, and now by supplemental brief, it is contended by Dykes that all the evidence supports the jury's verdict and that the Court of Appeals reversed the chancellor's action in setting it aside because it did not consider that there was any evidence to support a contrary conclusion.

Aside from the fact that much evidence was submitted in behalf of each of the contending parties, Mr. Dykes did not in his assignments of error in the court of appeals suggest that there was no evidence to support a conclusion contrary to that which the jury reached. He did there insist that the evidence preponderates in favor of the verdict. The opinion of the Court of Appeals, in stating the insistences of Dykes, appellant there, does no indicate that the court understood a contention of Dykes to be that there is no evidence to support a conclusion contrary to that reached by the jury. That opinion discusses the evidence in some detail with an early statement therein that ''if we conclude that there is material evidence to support the verdict of the jury in this first jury trial of the instant cause, and hold that the verdict reasonably settled the factual matters involved, we would be required to enter judgment upon that verdict, whether it was approved by the learned chancellor or not''.

The opinion, near its conclusion, is as follows: ''there being much evidence to support the verdict of the jury, and that verdict having determined all the factual issues settling the rights of the parties to the possession of the

two items of property—the Chancellor should have decreed accordingly''.

This court thinks that counsel is mistaken in his present insistence that the court of appeals held that there was no evidence to support a verdict contrary to that which the jury returned, and is mistaken in his insistence that such was an issue in the court of appeals.

This conclusion returns us to a consideration of the question as to whether the court of appeals was authorized by Section 27-108 T.C.A., dealing with wayside bill of exceptions, to reinstate a verdict which the chancellor had set aside because he was not satisfied with that verdict, the court of appeals being of the opinion that there was ''material evidence'' or, as expressed elsewhere in its opinion, ''much evidence'' to support that verdict.

Section 27-108 T.C.A. is as follows:

''It shall be lawful for the appellant to assign for error that the judge in the court below improperly granted or refused a new trial therein, and the appellate court shall have power to grant new trials, or to correct any errors in granting or refusing the same.''

In order to avoid any confusing collateral issues in considering whether this code section gives an appellate court the authority stated and assumed, it is well to note in the beginning that the chancellor's statement that he was not ''satisfied with the verdict'' must necessarily be construed that he referred to the facts. ''The court has repeatedly held that, if the record fails to show the reasons for his action, and no request is made to state his reasons, we will presume that he exercised a discretion given him by law to grant a new trial when he is dissat-

isfied wih the verdict upon the facts''. *Railway Company v. Lee,* 90 Tenn. 570, 572, 18 S.W. 268, 269. This was considered on a wayside bill of exceptions.

■ Also, a jury's verdict in chancery authorized by the statute, as in this case, ''is entitled to the same. weight and effect as a verdict in a court of law''. *Davis v. Mitchell,* 27 Tenn.App. 182, 196, 178 S.W.2d 889, 895, and decisions of this court there cited.

■■ Next, it is elementary that appeals can be had only from final judgments. Section 27-108 was enacted in order to preserve by wayside bill of exceptions an opportunity to have reviewed in appellate courts alleged controlling errors occurring in the first trial which could not then be reviewed by an appellate court until in a subsequent trial a final judgment had been rendered.

■ By way of illustration,—if, in the first trial, the litigant is of the opinion that the trial court erred in overruling his motion for a directed verdict, this statute affords him an opportunity to preserve his right by filing a wayside bill of exceptions to have that alleged error considered first when, and if, on a subsequent trial a verdict unfavorable to him is returned. If the appellate court finds that his motion for a directed verdict should have been sustained, then it will correct this *error of law* and cause the entry of a verdict accordingly.

■ Next,—eliminating for the moment the effect of 27-108 T.C.A.,—the rule in this State has always been that where there is evidence in support of the contention of each side as to what the ultimate fact conclusion should be an appellate court will not review the action of the trial court, a 13th juror, in disapproving that verdict.

The question here is whether Section 27-108 T.C.A. changed the rule just stated so as to authorize an appellate court to reinstate a verdict which the trial judge disapproved on the facts because it, the appellate court, thinks that the evidence, though pro and con, preponderated in favor of the verdict returned by the jury, the opinion of the trial judge to the contrary notwithstanding.

There are a number of decisions in proceeding under a wayside bill of exceptions where this court, or the court of appeals, has reinstated the verdict of the jury in cases wherein the trial judge, though approving the verdict as to its finding of facts, set it aside because of some mistake of law which he erroneously supposed had been made during the trial of the cause, or because he set it aside for some other reason not authorized by law. *Chesapeake, Ohio & Southwestern Railroad Company v. Higgins,* 85 Tenn. 620, 4 S.W. 47; *Jenkins v. Hankins,* 98 Tenn. 545, 546, 41 S.W. 1028; *Barnes v. Noel,* 131 Tenn. 126, 174 S.W. 276; *Gray v. Kent,* 5 Tenn. Civ.App. 519; *Merriman v. Coca Cola Bottling Company,* 17 Tenn.App. 433, 68 S.W.2d 149 and *General Outdoor Advertising Co. v. Coley,* 23 Tenn.App. 292, 131 S.W.2d 305.

It is not practical to here review the holding in each of these cases. Illustrative of the principle enunciated by them, however, is *Jenkins v. Hankins,* supra, and *Merriman v. Coca Cola Bottling Company,* supra.

In the Jenkins case the verdict was set aside by the trial judge *only* because he was dissatisfied with the amount of the verdict rendered by the jury in the first trial. The court in reinstating the verdict said, 98 Tenn. at page 549, 41 S.W. at page 1029, that:

"It is not within the exercise of the legtimate power of the circuit judge to set aside verdicts as trifling or excessive, unless they appear to be the result of passion, prejudice, corruption, or capricious action on the part of the jury."

In reinstating the verdict on consideration of the wayside bill of exceptions in *Merriman v. Coca Cola Bottling Company*, supra, the court said, 17 Tenn.App. at page 448, 68 S.W.2d at page 157: "In our opinion, this is a proper case for reinstatement of the verdict and pronouncement of judgment thereon by the appellate court. No error was committed upon the trial, the motion for new trial was sustained only by a mistake of law made after the trial, and but for this mistake the motion for a new trial would have been overruled. There was evidence to sustain the verdict." The court was referring to a mistake by trial judge as to what the law is.

In several cases involving wayside bills of exceptions our appellate courts have refused to reinstate the verdict of the jury set aside by the trial judge because he was dissatisfied with the jury's conclusion on the facts. Perhaps the latest of such cases is that of the Western Division of our court of appeals in the case of *Howell v. Wallace E. Johnson, Inc.*, 42 Tenn.App. 15, 298 S.W.2d 753. See also *Baugh v. Nashville, C. & St. L. Railroad Co.*, 98 Tenn. 119, 38 S.W. 433; *Michigan Mut. Life Insurance Company v. Coleman*, 118 Tenn. 215, 231, 100 S.W. 122.

*Jenkins v. Hankins*, 98 Tenn. 545, 546, 41 S.W. 1028, took notice of Chapter 106, Acts of 1875. That is Section 27-108 T.C.A. involved here. In reinstating the verdict because the trial judge, though satisfied therewith on the facts, set it aside because of a mistaken view of the law,

said that the trial judge's "dissatisfaction cannot be questioned if there were evidence pro and con considered by the jury, and by him in his action setting it aside".

*Baugh v. Nashville, C. & St. L. Railroad Co.,* 98 Tenn. 119, 38 S.W. 433, 434, likewise was proceeding under 27-108 T.C.A. by way of a wayside bill of exceptions. It was the insistence of the plaintiff-in-error that the trial judge, in setting aside the verdict in the first trial, was controlled by an erroneous opinion as to where lay the weight of the evidence; hence, that such verdict should be restored. In response to that insistence, this court said:

"Upon this contention we are asked to reverse the action of the trial judge, and to render a judgment on the verdict for $600, as it is said he should have done. It is not within the province of this court to inquire, in such a case, whether the weight or preponderance of the evidence was on the one side or the other. That was the duty of the jury in the first place, and then of the trial judge. If this court, upon looking to the record, finds that the controlling issue of fact was fairly debatable from the evidence adduced, it will pursue the investigation no further, but will accept the decision of the trial judge as conclusive. The record now before us presents that case."

The opinion of the court of appeals in the case at bar was clearly because of the opinion of this court in *Smith v. Tucker,* decided March 4, 1958, and reported in 203 Tenn. 305, 311 S.W.2d 807. It is material to note that there was no wayside bill of exceptions involved in that case. It was appealed because of a directed verdict; hence, an appeal from a final judgment at the conclusion of the first trial.

In that case the jury awarded the plaintiff a verdict. The trial judge granted the motion for a new trial and then sustained defendant's motion for a directed verdict. The verdict did not have the approval of the trial judge as to its fact conclusion. There was evidence, pro and con, on the fact question. After holding that it was the duty of the trial judge to sustain the motion for a new trial if he was dissatisfied with the verdict, this court then held that the verdict could not be reinstated, the trial judge having disapproved its fact conclusion.

Notwithstanding that a wayside bill of exceptions was not involved,—and it is only then that 27-108 T.C.A. is material—it was contended that Section 27-108 T.C.A. authorized the appellate court to reinstate the verdict, if it, the appellate court, thought that the evidence preponderated in favor of the jury's verdict.

This court, in rejecting that insistence, said this: "We think the right to reinstate a verdict on the theory of correcting errors, i. e. in granting or refusing a new trial applies to cases wherein the court is reviewing the rights of the parties under a wayside bill of exceptions."

In making that statement we did not have in mind the reinstatement of a verdict, when the evidence is both pro and con, and which verdict had been disapproved by the trial judge. We had in mind only that situation wherein the trial judge, though approving the verdict as to the findings of fact, erroneously set it aside because of some mistake of law which he erroneously supposed had been made in the trial, or in which he had set it aside solely because of some erroneous conception of the law. That such was the limitation intended by our remarks as to when an appellate court may reinstate the verdict is

demonstrated by the decisions to which we referred in that case in support of the remark, to wit: *Chesapeake, Ohio & Southwestern Railroad Company v. Higgins,* 85 Tenn. 620, 622, 4 S.W. 47; *Jenkins v. Hankins,* 98 Tenn. 545, 546, 41 S.W. 1028. Perhaps we should have affirmatively stated this limitation in the opinion, so as to avoid an understandable misconstruction of our remarks. And it is, no doubt, because of this failure that the court of appeals was quite understandably misled in the case at bar.

*Chesapeake, Ohio & Southwestern Railroad Company v. Higgins,* 85 Tenn. 620, 623, 4 S.W. 47, 48; in construing, in so far as necessary for that case, Chapter 106 of the Acts of 1875, now Section 27-108 T.C.A., said this:

"The effect of this statute is simply to give to this court the same power to reverse for error in granting new trials, and enforce verdicts improperly set aside, that it has always had to reverse judgments rendered upon improper verdicts."

An appellate court has never had the power to reinstate a jury's verdict which the trial court has set aside because, he, the trial judge, did not approve the fact conclusion reached by the jury on evidence, pro and con, submitted to it. When the trial judge is dissatisfied with the fact conclusion reached by the jury, it is not error to set the verdict aside. To the contrary, it is his duty to do so. He is the 13th juror. But it would be an anomaly to make an appellate court the 13th juror.

This court is of the opinion that the court of appeals was mistaken in its conclusion that Section 27-108

T.C.A. authorized it to reinstate that verdict which the chancellor, as the 13th juror, disapproved on the facts.

Finally, this court is confronted with the problem presented by Dykes when, in his supplemental brief, he says that, as he understands it, if the Court of Appeals is reversed, and the decree of the chancery court reinstated as to the first trial, then this court will remand the cause to the court of appeals for a review of alleged errors committed in the second trial. In connection with that statement, it must be noted that the Court of Appeals, in the course of its opinion, said that if it reversed the decree in the first trial and reinstated he jury's verdict in favor of Dykes in that case, then "no consideration will be given to the second trial other than simply to reverse it". And that is exactly what the Court of Appeals did.

Having reinstated the verdict in the first trial, it reversed the decree in the second trial, adjudging it a nullity without giving any consideration as to the merits of Dykes' assignments of error in the second trial. It did this on the correct theory that its decree reinstaing the verdict in the first trial amounted to an automatic reversal of the decree in the second trial. Therefore, it pretermitted decision of every error assigned by Dykes with reference to the second trial.

Dykes did not seek to present the questions made as to the second trial to this court by petition for certiorari. We are, therefore, faced at once with the holding in *Independent Life Insurance Company v. Hunter*, 166 Tenn. 498, 506, 63 S.W.2d 668, 671, that "no error of the Court of Appeals, either of commission or omission, can be reviewed by this court except upon petition for certiorari".

The situation is unusual in that the case at bar is really two lawsuits. If Dykes wins the first lawsuit, the second one automatically goes out. But if he loses the first lawsuit, then automatically the second one must be considered. No such situation as that existed in *Independent Life Insurance Company v. Hunter,* supra.

This court, by reversing the decree of the Court of Appeals in the first suit and reinstating the decree of the chancellor in that case, automatically reverses the decree of the Court of Appeals adjudging the decree in the second suit to be a nullity and in dismissing it.

The result is that the appeal on the second suit is now pending in the Court of Appeals undisposed of. If there is no remand for a consideration of the second case, then there is the anomaly of a case pending in the Court of Appeals without authority in that court to dispose of it.

■ It is the opinion of this court that the statute creating the Court of Appeals and the decision in *Independent Life Insurance Company v. Hunter* did not contemplate, or embrace, the situation existing here, and that the plight of the subject matter requires a remand. Compare with *Hicks v. Hicks,* 168 Tenn. 539, 79 S.W.2d 802, and *Denny v. Webb,* 199 Tenn. 39, 281 S.W.2d 698

The judgment of the Court of Appeals will be reversed and the decree of the chancellor in the first trial will be affirmed. The cause will be remanded to the Court of Appeals for disposition of the assignments of error made with reference to the second trial of this case. The costs of the first trial will be assessed against Dykes and his bondsmen. Adjudication of the costs of the second trial will await the final disposition of that case.