VIVIAN KEITH, Plaintiff in Error, v. IRVIN STANLEY NORRIS, Defendant in Error.— 419 S.W.(2d) 189.

Western Section. May 25, 1967.

Certiorari Denied by Supreme Court September 5, 1967.

424

James H. Hicks and George C. Harrison, Memphis, for plaintiff in error.

Thomas R. Prewitt, Memphis, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel, for defendant in error.

BEJACH, J. In this cause, Mrs. Vivian Keith, who was plaintiff in the lower court, appeals in error from a judgment of dismissal on granting of defendant's motion for a peremptory instruction to the jury. The peremptory instruction was granted by the court in connection with and at the time of defendant's motion for new trial, after there had been a trial of the cause and a mistrial entered because the jury was unable to agree. Two questions are presented for disposition by this Court, viz., first, whether or not the trial judge could properly grant defendant's motion for peremptory instruction after there had been a mistrial of the case, and, second, whether or not the granting of the peremptory instruction was, itself, proper.

In this opinion, the parties will be styled, as in the lower court, plaintiff and defendant, or called by their respective names.

Plaintiff, a guest rider in defendant's automobile, sued the defendant for severe and permanent injuries resulting from an accident which happened April 5, 1965 at

about 11:10 P.M. when defendant ran his automobile into a concrete post on Southern Avenue, Memphis, Tennessee, where Southern Avenue passes under East Parkway. Defendant was driving west on Southern, after having turned into Southern from Hollywood Street, after having stopped for a stop light. Plaintiff and defendant were followed by two policemen, C. L. Hurt and William T. Edmonds, who drove up behind them while defendant had stopped for the light at Southern and Hollywood. These two patrolmen followed them on Southern Avenue and witnessed the accident. They testified at the trial.

Defendant's principal defense is based on the contention that defendant was intoxicated at the time of the accident, and that plaintiff was charged with knowledge of his condition at that time so as to bar her right of recovery in this case.

Plaintiff and defendant were both alcoholics. They had each been attending the Alcoholic Rehabilitation Unit Center at Tennessee Psychiatric Hospital in Memphis for their alcoholic problems. They met at that institution. Plaintiff had been taking Librium (Tranquilizer) pills, as she testified, on the advice of the physicians at the hospital. Ordinarily, she took about four of these pills per day, but on the day of the accident, she had taken six or seven, and had eaten very little.

At the time of the accident, defendant was an automobile salesman for Hull-Dobbs. He was divorced from his wife. Plaintiff, a woman 34 years old, was married, but separated from her husband. She had four children, the oldest of whom was 10 years old. Defendant died a short time before the trial, but the cause was revived against his administrator, Ross F. Houpt. His discovery

deposition was taken by plaintiff before his death and was read in evidence as part of her proof.

On the day of the accident, defendant came by plaintiff's apartment at Thomas Street and Jackson Avenue, Memphis, in the evening, in his automobile. They drove north on Thomas Street (Highway 51) toward Frayser. Plaintiff testified that defendant, so far as she could tell, had not had anything alcoholic to drink at the time he came by her apartment. The defendant testified that he may have had a drink before he arrived at plaintiff's apartment. A partly consumed bottle of whiskey was found in his car after the accident, but he said he had forgotten about its being there.

After leaving plaintiff's apartment, defendant stopped at a liquor store where he bought a half pint of whiskey. He and plaintiff then went to a cafe or beer parlor located about one-fourth mile from the liquor store, where plaintiff had two beers and defendant according to plaintiff, had one drink of whiskey out of the recently purchased half pint bottle. Plaintiff testified that she remembered nothing from the time she and defendant left the cafe, which was sometime between 7:30 P.M. and 8:30 P.M., and she could not account for anything that occurred thereafter until sometime after the accident. The accident occurred at about 11:10 P.M., some eight miles away from this cafe. The testimony of defendant, taken by discovery deposition, furnishes the only proof in the record to show what the parties did and where they went after plaintiff lost her memory. Defendant testified that he had two drinks of whiskey at the cafe and that plaintiff had two beers. He said they left the cafe and drove to Albert's Motel on Highway 51 North, where they arrived about 9:00 P.M., and where they stayed for about

an hour or until about 10:00 P.M., and where they had sexual relations. He said that after they left the motel they returned to the cafe where they had been earlier, and that he then finished drinking the half pint of whiskey that he had bought earlier in the evening. He said that plaintiff had two more beers while they were there. According to defendant's testimony, he and plaintiff were just "riding around" at the time of the accident, and that plaintiff had her head in his lap, and was in an intoxicated condition. On the question of his own intoxication, defendant testified in response to questions from counsel for plaintiff, among other things, as follows:

"Q. You were not intoxicated when this accident happened, were you?

A. Not to the best of my knowledge, no sir."

Both of the patrolmen, C. L. Hurt and William T. Edmonds, testified that defendant's automobile was weaving back and forth across Southern Avenue between the time he turned into Southern at Hollywood Street, up to the time his automobile collided with the concrete post in the viaduct which carries East Parkway across Southern Avenue.

At the trial, after considerable argument, the trial judge overruled defendant's motion for a peremptory instruction and submitted the case to the jury, but the jury was unable to agree, and a mistrial was entered. When defendant moved for a new trial, however, the judge reconsidered and granted the motion for a peremptory instruction which dismissed plaintiff's suit. Plaintiff excepted, prayed and perfected her appeal in error to the Court of Appeals. Plaintiff moved for a new trial, which motion was overruled.

In this Court, as plaintiff in error, plaintiff has filed nine assignments of error. It will not be necessary to copy these into this opinion. The nine assignments of error present, as stated above, only two questions, which are, one, Was it proper for the trial judge to grant defendant's motion for a peremptory instruction after a mistrial had been entered; and, two, Was it proper to grant the peremptory instruction for defendant.

█ It is the contention of counsel for plaintiff that after a mistrial had been entered in the case at bar, the only remedy available to defendant was to file a wayside bill of exceptions, and thereby preserve for correction on a later appeal, the alleged error that his motion for a peremptory instruction should have been granted. Counsel for plaintiff cites in support of that contention Barnes v. Noel, 131 Tenn. 126, 174 S.W. 276; Oliver Mfg. Co. v. Slimp, 139 Tenn. 297, 202 S.W. 60; and Dykes v. Meighan Construction Co., 205 Tenn. 175, 326 S.W.2d 135. It is true that in all three of these cases wayside bills of exception were involved. In the case of Barnes v. Noel, however, Mr. Justice Green (later Chief Justice), speaking for the Supreme Court, said:

"The propriety of a peremptory instruction given or the refusal of such an instruction can only be determined by an examination of the evidence preserved in a bill of exceptions.

If on motion for a new trial the circuit judge concludes he erred in directing a verdict, it is his duty to set that verdict aside and award another hearing of the case. If on motion for a new trial he concludes he erred in not directing a verdict, under our practice, it would be his duty to enter an order correcting the verdict rendered to conform to the undisputed evidence.

The office of a motion for a new trial is not alone to secure another hearing, but to present the errors complained of for correction, if possible, without another hearing. 14 Enc. Pl. & Pr. 846; 2 Elliott on General Pr. [sec.] 987, cited and approved in Railroad [Co.] v. Johnson, 114 Tenn. 632, 88 S.W. 169." Barnes v. Noel, 131 Tenn. 130-131, 174 S.W. 277.

Oliver v. Slimp Mfg. Co., 139 Tenn. 297, 202 S.W. 60, is in harmony with the above quotation.

It is our conclusion that so far as the procedural question is concerned, the trial judge was correct, and that question must be answered adversely to the contention of plaintiff, in the instant case.

We take up next, on its merits, the question of whether the trial judge ruled correctly, when on defendant's motion for a new trial, he undertook to correct what he concluded had been an error, and granted defendant's motion for a directed verdict. The fact that the trial judge was enough doubtful about the matter to overrule the motion for directed verdict indicates to some extent, at least, that reasonable minds might differ as to whether or not such motion should be granted, and the subsequent fact that the jury to whom the case was submitted did in fact disagree, clearly indicates that reasonable minds did disagree.

In our opinion, both the question of whether defendant, at the time of the accident, was intoxicated to the extent that he was incapable of properly handling his automobile, and the question of whether or not plaintiff was chargeable with knowledge of that condition, if it did exist, are factual questions which must ultimately be answered by a jury verdict.

Counsel for defendant cites Schwartz v. Johnson, 152 Tenn. 586, 592-593, 280 S.W. 32, 47 A.L.R. 323; Hicks v. Herbert, 173 Tenn. 1, 113 S.W.2d 1197; and Edenton v. McKelvey, 186 Tenn. 655, 212 S.W.2d 616 as authority for the proposition that "Where one voluntarily gets into an automobile which is to be operated by an intoxicated driver, through the traffic of a populous city, and an accident results when the automobile collides with a permanent obstruction, contributory negligence of the guest prevents a recovery." Also, for the proposition that "Where the proof shows that a guest is intoxicated at the time of the accident, such guest is chargeable with that degree of care which a sober person would have been charged with," he cites Schwartz v. Johnson, 152 Tenn. 586, 280 S.W. 32, 47 A.L.R. 323; Louisville & Nashville Railroad Co. v. Hall & Cooper, 5 Tenn.Civ.App. 491; Schubring v. Weggen, 234 Wis. 517, 291 N.W. 788; McAllister v. Travelers Ins. Co., 121 So.2d 283 (La.App. 1960); Petrone v. Margolis, 20 N.J.Super. 180, 89 A.2d 476 (1952); Prosser on Torts, Sec. 31 (2d ed. 1941) page 127; 65A C.J.S. Negligence sec. 156, page 194; 61 C.J.S. Motor Vehicles sec. 492(b), page 120; 8 Am.Jur.2d— Automobiles and Highway Traffic—Sec. 537, page 95. Counsel for defendant in the case at bar contends that the condition of plaintiff at the time of the accident was not strictly that of an intoxicated person, but was a condition brought on by a combination of the pills she had consumed, and her failure to have eaten food. This, in our opinion, presented a jury question. More specifically, however, we think our Supreme Court, in the recent case of Barr v. Charley, 215 Tenn. 445, 387 S.W.2d 614, has established the rule that, in practically every case, the question of contributory negligence must be determined by a jury verdict. In Barr v. Charley, this Court held that

where the undisputed evidence showed that the deceased was under the influence of alcoholic beverages, and was exceeding the speed limit when he was killed in a collision with an automobile which some of the proof showed to be parked partially on the highway, a suit for his death was barred by his own contributory negligence, as a matter of law; but the Supreme Court reversed the ruling of this Court and reinstated a verdict which had been recovered in the Circuit Court of Shelby County. The opinion of the Supreme Court, written by Mr. Chief Justice Burnett, says:

> "The evidence tends to show negligence on the part of both of the drivers, but the negligence of one or both of them, while it is a factor, is not the primary factor to consider. The main issue in this case is the proximate causation of the accident; for where there is an accident and one or both of the parties are negligent the issue of proximate causation is usually for the jury. Standridge v. Godsey, 189 Tenn. 522, 226 S.W.2d 277 (1949); Thompson v. Jarrett, 44 Tenn.App. 513, 315 S.W.2d 537 (1957); Colwell v. Jones, 48 Tenn.App. 353, 346 S.W.2d 450 (1960); Chandler v. Nolen, 50 Tenn. App. 49, 359 S.W.2d 591 (1961). It was, then, proper for the trial court to submit the consideration of proximate causation to the jury." Barr v. Charley, 215 Tenn. 452, 387 S.W.2d 617.

The facts in the case of Barr v. Charley were, in many respects, closely analogous to those of the case at bar. In Barr v. Charley, plaintiff's deceased was not only driving while under the influence of alcoholic beverages, but was also exceeding the speed limit, and was, therefore, necessarily guilty of negligence. Also, in that case, the driver collided with a stationary object, a parked

automobile. Nevertheless, the Supreme Court held that the question of proximate causation of the accident was a jury question. A fortiori, in the instant case, it seems to us that both the question of whether or not defendant was intoxicated while driving his automobile at the time of the accident; as well as whether or not plaintiff was chargeable with knowledge that defendant was intoxicated, are questions which should be decided by a jury verdict. In Barr v. Charley, it was the driver, himself, who was under the influence of intoxicants, yet the Supreme Court held that whether or not that was the proximate cause of the accident which caused his death, was for the jury. Plaintiff's counsel contends that a slight off-set in the driving lane at the point of the accident, which even a sober driver might not have noticed in time to have avoided the accident, might have been the proximate cause, in the instant case. We think the primary question for the jury to decide was not whether defendant's intoxication caused the accident, but whether or not plaintiff should be charged with contributory negligence. That issue of fact, we think should be determined by the jury as of the time of her "black-out", rather than at the time of the accident. Counsel for plaintiff contends that her "black-out" was not strictly a condition of intoxication, but was a condition brought on by a combination of the pills which she had been taking under the advice of physicians and the beer which she consumed, which condition she had no reason to anticipate. In any event, we think the Supreme Court's ruling in Barr v. Charley, 215 Tenn. 445, 387 S.W.2d 614, justifies our holding that in the instant case the question of contributory negligence, at least, should have been left for decision of the jury; and, for that reason, we hold that this case must be reversed and remanded for a new trial.

The costs incurred in this Court will be adjudged against the defendant. The costs of the lower court may await final adjudication of the case in the Circuit Court of Shelby County.

Avery, P. J. (W.S.), and Carney, J., concur.